# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IOWA'S WINDOW EXPERTS LLC d/b/a THE WINDOW SOURCE OF CENTRAL IOWA, | : | Civil No. 1:24-CV-01544 |
| | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THE WINDOW SOURCE LLC, | : | |
| | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

### MEMORANDUM

This matter is before the court on Defendant The Window Source, LLC's ("Window Source") motion to dismiss for failure to prosecute and accompanying brief in support.  (Docs. 40 & 41.)  Therein, Window Source argues that the court should dismiss Plaintiff Iowa Window Experts LLC d/b/a The Window Source of Central Iowa's ("Iowa Window") amended complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  (Doc. 41, pp. 5–12.)[1]  For the reasons explained below, the court will grant Window Source's motion and dismiss Iowa Window's amended complaint with prejudice.

### BACKGROUND

Iowa Window sued Window Source on September 11, 2024, and filed an amended complaint on October 31, 2024.  (Docs. 1, 15.)  Window Source filed a

---

[1] For ease of reference, the court cites to the page numbers from the CM/ECF header.

second amended answer to the amended complaint and counterclaims, Doc. 30, and Iowa Window filed an answer to the counterclaims. (Doc. 18.) Iowa Window also filed a counseled motion for partial judgement on the pleadings as to Window Source's trademark infringement, unfair competition, and common law unfair competition counterclaims pursuant to Federal Rule of Civil Procedure 12(c) and an accompanying brief in support. (Docs. 22, p. 2; Doc. 23.) Window Source filed a brief in opposition to Iowa Window's motion for judgment on the pleadings, Doc. 31, and Iowa Window filed a reply. (Doc. 32.)

On May 9, 2025, Edward T. Kang, Esquire, and Susan Moon O, Esquire, filed a motion for leave to withdraw as Iowa Window's counsel. (Doc. 34, p. 3.) Therein, Kang and Moon O explained that Iowa Window failed to pay outstanding invoices for legal services they provided. (Doc. 34, pp. 4–9.) Window Source did not oppose the motion. (Doc. 35, p. 1.)

The court granted the motion for leave to withdraw on May 20, 2025, ordered Kang and Moon O to serve a copy of the order on Iowa Window, ordered Iowa Window to retain new counsel, and ordered Iowa Window to direct new counsel to file a notice of appearance in this case no later than sixty days after being served with the order. (Doc. 36, pp. 1–2.) The court also stayed all deadlines in the case. (*Id.* at 2.) The court noted in its order that "[f]ailure of Iowa Window Experts to comply with this order may result in a dismissal of this action

2

with prejudice." (*Id.* at 2.)  Moon O and Kang filed a certificate confirming that they served the court's order on Iowa Window on July 30, 2025.  (Doc. 37, pp. 1–3.)

No new counsel entered an appearance on behalf of Iowa Window. Accordingly, the court ordered Iowa Window to show cause why this case should not be dismissed for failure to prosecute on September 30, 2025, and ordered the Clerk of Court to mail the show cause order to Iowa Window.  (Doc. 38, p. 1.) Iowa Window failed to show cause or respond in any way.

On February 9, 2026, the court explained in an order that Iowa Window's failure to appoint new counsel, respond to the show cause order, and communicate with the court in any way justified dismissal of Iowa Window's amended complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  (Doc. 39, pp. 5–11.)  However, it noted that Window Source's counterclaims and Iowa Window's fully briefed motion for judgment on the pleading were still pending.  (*Id.* at 1.)  Accordingly, it declined to dismiss Iowa Window's amended complaint and instead ordered Window Source to either file a status report "delineating a proposed path forward in this case or, alternatively, a different motion it finds appropriate . . . ."  (*Id.* at 11.)

Window Source filed a motion to dismiss this action for failure to prosecute pursuant to Rule 41(b) and an accompanying brief in support on February 23,

3

2026.  (Docs. 40 & 41.)  Therein, Window Source argues that an analysis of the six factors set forth in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984), demonstrate that the court should dismiss Iowa Window's claims for failure to prosecute.  (Doc. 41, pp. 5–13.)  Window source also states that if the court dismisses Iowa Window's claims with prejudice, Window Source will "voluntarily stipulate[] to the dismissal of its counterclaims."  (*Id.* at 12.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 41(b) provides that if "the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  It continues that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b)," except one for a specifically enumerated list of reasons, "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).  A failure to prosecute may result in dismissal of the complaint with prejudice.  *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992); *Hamer v. LivaNova Deutschland GmbH*, 994 F.3d 173, 177 n.6 (3d Cir. 2021).

For a court to determine whether to dismiss a claim or action for failure to prosecute, it must balance the six factors the Third Circuit discussed in *Poulis*:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the

4

effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

747 F.2d at 868.  Not all the *Poulis* factors must be satisfied for a district court to dismiss a complaint, no solitary factor is determinative, and the factors do not hold equal weight.  *Mindek*, 964 F.2d at 1373; *Pressley v. Forrest*, No. 10-CV-3270, 2013 WL 5567569, at \*4 (E.D. Pa. Oct. 8, 2013) (citing *Adonai–Adoni v. King*, 07–CV–3689, 2012 WL 3535922, \*2 (E.D. Pa. June 7, 2012).  Instead, the decision to dismiss a claim or complaint pursuant to Rule 41(b) "constitutes an exercise of the district court judge's discretion . . . ."  *Mindek*, 964 F.2d at 1373.

### DISCUSSION

The first *Poulis* factor weighs in favor of dismissal because Iowa Window is entirely and personally responsible for the delay at issue.  *Poulis*, 747 F.2d at 868.  Iowa Window's former counsel went to great lengths to inform it of its outstanding balance and the eventual filing of a motion to withdraw.  (Doc. 34, pp. 3–7, Doc. 34-1, pp. 2–9.)  The court ensured that Iowa Window received its order granting counsel's motion to withdraw and the show cause order.  (Doc. 37, p. 1 (confirming service of the court's order granting the motion to withdraw)); Doc. 38, p. 1 (ordering that the clerk of court send the show cause order to two separate Iowa Window addresses found in the amended complaint and certificate of service).)  Now, 167 days after the court entered the show cause order, Iowa

5

Window has neither indicated that it retained new counsel nor responded to the court's show cause order. "[B]ecause a corporation cannot represent itself in federal court, [the corporation] bears substantial personal responsibility to follow the Court's orders and appoint new counsel." *Williams-Lester v. Vision Fin. Corp.*, No. CV 15-6662, 2017 WL 457184, at *5 (E.D. Pa. Feb. 1, 2017). Thus, the court finds that Iowa Window is responsible for the delay in retaining new counsel and failing to respond to the court's show cause order.

The second *Poulis* factor also weighs slightly in favor of dismissal because Window Source sets forth that it has suffered prejudice due to Iowa Window's delay. *Poulis*, 747 F.2d at 868. "[I]rretrievable loss of evidence and the inevitable dimming of witnesses' memories" as well as "an inability to prepare 'a full and complete trial strategy'" are examples of prejudice sufficient to support the dismissal of a case. *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 134 (3d Cir. 2019) (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984) (cleaned up); *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003)). In its motion, Window Source alleges that "the passage of time may have resulted in the loss of evidence" and the dimming of witnesses' memories, and that Window Source "could not further its own claims and/or defenses without Iowa[] Windows retaining counsel . . ." because Iowa Windows is a corporate plaintiff. (Doc. 41, p. 8.) The court stayed all deadlines in this case after it granted the motion to

withdraw.  (Doc. 36, p. 2.)  Therefore, Window Source has not needed to expended time and effort attempting to meet case management or discovery deadlines.  *See Sloan v. Sloan Constr. Co.*, No. 25-1063, 2025 WL 2651290, at *2 (3d Cir. Sept. 16, 2025) (holding that delay that keeps the opposing party in a "state of limbo," without more, is insufficient to establish prejudice).  However, Window Source has identified how it has been prejudiced by Iowa Window's delay through a potential loss of evidence and an inability to pursue its own claims, so this factor weighs slightly in favor of dismissal.

The third *Poulis* factor weighs in favor of dismissal because Iowa Window's failure to respond to two court orders over the course of several months indicates a history of dilatory conduct.  *Poulis*, 747 F.2d at 868.  The court examines Iowa Window's "problematic acts . . . in light of its behavior over the life of the case." *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 875 (3d Cir. 1994).  "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders."  *Briscoe v. Klaus*, 538 F.3d 252, 260 (3d Cir. 2008) (quoting *Adams*, 29 F.3d at 874).

Generally speaking, ne or two late filings do not always constitute a history of dilatory conduct.  *Id.* at 261 (citing *Scarborough*, 747 F.2d at 875); *Sloan*, 2025 WL 2651290, at *2.  But here, Iowa Window completely failed to comply with or

respond to two separate orders that the court took care to ensure that it received. (Doc. 36, p. 1; Doc. 38, p. 1.)  Its deadline to reply to the show cause order—October 31, 2025—expired more than four months ago.  (Doc. 38, p. 1.)  Its deadline to retain new counsel—September 29, 2025—expired more than five months ago.  (Doc. 36, p. 1.)  It has filed nothing on the docket since its former counsel submitted a certificate of service seven months ago on August 4, 2025. (Doc. 37.)  These are technically two instances of non-compliance, but they spanned months and were accompanied by a complete lack of engagement in the case.  The court finds that this is sufficient to establish a history of dilatory conduct.

The fourth *Poulis* factor weighs in favor of dismissal because Iowa Window's consistent failure to communicate with the court demonstrates willful conduct.  *Poulis*, 747 F.2d at 868.  Willfulness "must be considered with an eye towards 'intentional or self-serving behavior.'" *Sloan*, 2025 WL 2651290, at *3 (quoting *Hildebrand*, 923 F.3d at 135).  Iowa Window has failed to comply with or respond to two separate court orders despite the court's warning that failure to do so could result in the dismissal of its case. (Doc. 36, p. 2; Doc. 38, p. 1);  *See Williams-Lester*, 2017 WL 457184, at *5 ("VFC consistently failed to comply with the Court's orders despite a warning about the consequence of noncompliance, which evidences bad faith"); *Mack v. Travelers Pers. Ins. Co.*, No. 3:22-CV-

00523, 2022 WL 17480419, at *7 (M.D. Pa. Nov. 3, 2022), *report and recommendation adopted as modified*, No. 3:22-CV-523, 2022 WL 17477099 (M.D. Pa. Dec. 6, 2022) ("Here, Plaintiffs' failure to abide by multiple Orders by the Court and failure to file briefs in opposition to GEICO's motions to dismiss 'demonstrate[s] a willful disregard for procedural rules and court directives'") (quoting *Gilyard v. Dauphin Cty. Work Release*, No. 10-1657, 2010 WL 5060236, at *2 (M.D. Pa. Dec. 6, 2010)).  Thus, the court finds that Iowa Window's consistent silence despite orders requiring a response was willful.

The fifth *Poulis* factor weighs in favor of dismissal.  *Poulis*, 747 F.2d at 868. "[A]lternative sanctions are unlikely to be effective against a party who refuses to communicate with the Court," and imposing a fine after Iowa Window ignored two court orders is unlikely to force compliance.  *Bowie v. Perry*, No. 1:19-CV-13, 2019 WL 2412488, at *2 (W.D. Pa. May 13, 2019), *report and recommendation adopted*, No. CV 19-13, 2019 WL 2410796 (W.D. Pa. June 7, 2019).  Moreover, Iowa Window is currently without counsel, so it has "no attorney upon whom the [court] could impose the expenses for failing to comply with the court's orders . . . ."  *Briscoe*, 538 F.3d at 263.  Accordingly, the court finds that no adequate alternative sanctions are available.

The sixth *Poulis* factor weighs against dismissal because Iowa Window's breach-of-contract claim is meritorious.  *Poulis*, 747 F.2d at 868; (Doc. 15, pp. 7–

9

9.)  "A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense."  *Poulis*, 747 F.2d at 869–70.  Iowa Window's amended complaint raises one claim of breach of contract against Window Source. (Doc. 15, ¶¶ 26–34.)  Under Pennsylvania law, the elements of a breach of contract claim are (1) the existence of a contract; (2) a breach of the contract; and (3) damages resulting from the breach.  *Doe v. Univ. of Scis.*, 961 F.3d 203, 211 (3d Cir. 2020) (quoting *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016)).

In its amended complaint, Iowa Window alleges that it entered a license agreement with Window Source, Window Source breached the agreement by failing to allow Iowa Window to exercise a right of first refusal to purchase licensing specific sales "territory" as contemplated by the license agreement, and Iowa Window lost profits and marketing costs as a result.  (Doc. 15, ¶¶ 5–34.) Iowa Window therefore sets forth a plausible breach of contract claim.  *See Univ. of Scis.*, 961 F.3d at 211.  Moreover, Window Source did not move to dismiss Iowa Window's amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See Hildebrand*, 923 F.3d at 137 ("[The claim's] meritoriousness is further evidenced by the fact that the [Defendant] filed three

motions to dismiss in this case, none of which argued that the ADEA claim was not pled with the specificity needed to survive a Rule 12(b)(6) motion to dismiss.")

Window Source asserts several affirmative defenses. (Doc 30, ¶¶ 35–55.) For example, it alleges that the right of first refusal Iowa Window describes was not a "valid modification of the licensing agreement" and that Iowa Window did not meet the sales quotas necessary to invoke that right. (*Id.* ¶¶ 45, 47; *see* Doc. 41, pp. 10–11 (arguing that Iowa Window's argument about the right of first refusal fails because the parties' agreement did not contain a right of first refusal, its argument about the duty of good faith and fair dealing fails because such a claim "does not lie separately from the terms of the contract itself," and Iowa Window's argument about its exclusive territory fails because Window Source never modified Iowa Window's designated territory) (quoting *Diodato v. Wells Fargo Ins. Servs., USA, Inc.*, 44 F. Supp. 3d 541, 560 (M.D. Pa. 2014).)

"Where a plaintiff makes out a prima facie case, but the defendant raises a prima facie defense, the [sixth *Poulis* factor] may not weigh in favor of the plaintiff." *Adams*, 29 F.3d at 876–77 (citing *Poulis*, 747 F.2d at 870). But where "the case is close, 'doubts should be resolved in favor of reaching a decision on the merits.'" *Hildebrand*, 923 F.3d at 132 (quoting *Adams*, 29 F.3d at 870). Accordingly, and without the benefit of discovery to further analyze the

meritoriousness of the claims and defenses at issue, the court finds that this sixth factor weighs against dismissal.

## CONCLUSION

Five of six *Poulis* factors weigh in favor of dismissal. *Poulis*, 747 F.2d at 868. Therefore, the court will grant Window Source's motion to dismiss for lack of prosecution, Doc. 40, and dismiss Iowa Window's amended complaint, Doc. 15, with prejudice. An order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: March 16, 2026